IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



DAVID HART,            §
                       §
    Plaintiff,         §
                       §
VS.                    § NO. 4:19-CV-712-A
                       §
EQUIFAX INFORMATION SERVICES, §
LLC,                   §
                       §
    Defendant.         §

MEMORANDUM OPINION & ORDER

Came on for consideration the motion by defendant, Equifax Information Services, LLC, to dismiss. After considering the motion, the response by plaintiff, David Hart, the amended reply, the record, and the applicable authorities, the court finds that such motion should be granted in part and denied in part.

I.

Background

This is the third action between these parties related to plaintiff's credit report. The first action, filed on August 17, 2014, in which plaintiff alleged that defendant violated the Fair Credit Reporting Act ("FCRA"), resulted in a confidential settlement agreement. Doc.[1] 18 ¶ 7. The second action, filed on March 15, 2018, in which plaintiff alleged that defendant

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

breached the first settlement agreement and violated the FCRA, resulted in a second confidential settlement agreement ("the Agreement"). Id. ¶ 8. On September 6, 2019, plaintiff initiated the above-captioned action. He alleges that defendant (i) breached the Agreement, (ii) violated the FCRA, and (iii) defamed him. Id. ¶¶ 55-69.

II.

Grounds of the Motion

Defendant moves to dismiss plaintiff's claims for failure to state a claim upon which relief may be granted. Doc. 23 at 2-3; Fed. R. Civ. P. 12(b)(6).

III.

Applicable Law

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must

accept all the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

To survive a motion to dismiss for failure to state a claim for which relief may be granted, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

"Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). "[A] complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In

other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29.

IV.

Analysis

A. Breach of the Agreement

Plaintiff's complaint alleges that defendant breached the Agreement by (i) publishing plaintiff's credit information before he certified its accuracy and (ii) excluding ninety-two paid-off accounts from plaintiff's credit report.[2] Doc. 18 ¶¶ 17-20, 28. The parties do not dispute the Agreement's validity or that defendant acted in the manner alleged by plaintiff. However, defendant argues that the Agreement did not prohibit its actions and that plaintiff therefore failed to state a claim for breach of contract. Doc. 23 at 7-9. The defendant is correct, and the court finds that plaintiff's claims for breach of contract should be dismissed.

The court's primary concern when interpreting a contract is to ascertain the intent of the parties, and the court does so by

---

[2] The court notes that plaintiff's response to the motion states that defendant breached the Agreement by failing to provide plaintiff with an initial report until January 29, 2019, after a thirty-day deadline. Doc. 26 ¶¶ 5-6. Although his amended complaint notes the date on which defendant provided the initial report and that defendant had requested thirty days to provide the report, it does not say anything about a missed deadline or that defendant violated the Agreement by missing a deadline. See generally, Doc. 18.

4

considering the document as a whole. Seagull Energy E & P, Inc. v. Eland Energy, Inc., 207 S.W.3d 342, 345 (Tex. 2006) (citations omitted). Ambiguity only exists if the contract language is susceptible to two or more reasonable interpretations. Id. Unless the contract shows that it uses a term in some other sense, the court must interpret the term according to its plain meaning. Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 662 (Tex. 2005) (citations omitted).

The Agreement did not require defendant to wait to publish plaintiff's credit information until plaintiff certified the information's accuracy. The relevant clause of the Agreement states:

> Plaintiff further agrees that he will review his newly assembled credit file, as described herein, once it is complete and sign a supplemental document to be incorporated into, and made a part of, this Agreement certifying its accuracy and that Equifax may publish it in the normal course of business and in accordance with the FCRA.

Doc. 18, Ex. A at 4.

Although plaintiff argues that this clause imposes requirements on both parties, Doc. 18 ¶¶ 13-14, the clause only states that one party, plaintiff, "further agrees" to take on a duty or make a concession. It states that plaintiff agrees (i) "that he will review his newly assembled credit file, as

5

described herein, once it is complete and sign a supplemental document to be incorporated into, and made a part of, this Agreement certifying its accuracy" and (ii) "that Equifax may publish [the credit file] in the normal course of business and in accordance with the FCRA." Id. In contrast, the clause does not state that "defendant agrees" to assume any duties.

Plaintiff argues that other clauses require the parties to work together to rebuild his credit report and that this clause should be read in light of those requirements. Doc. 18 ¶ 14; Doc. 26 ¶¶ 12, 15. However, the Agreement never states that the parties must "work together to 'rebuild,'" Doc. 26 ¶ 12, the credit report. In fact, plaintiff's amended complaint notes that it was defendant's duty - and not plaintiff's - to rebuild his credit file. Doc. 18 ¶ 11.a (quoting Doc. 18, Ex. A at 4).

Although the Agreement does require defendant to "consult with Plaintiff to review items of credit and identifying information that should be included and excluded from Plaintiff's credit file," it does not elevate plaintiff's role to anything more than that of a consultant. Doc. 18, Ex. A at 4 (plaintiff merely "agrees to cooperate" with defendant in the rebuilding process). Instead, the Agreement gives sole responsibility over the rebuilding process to defendant, stating, "Nothing in this Agreement shall require Defendant to

6

remove or suppress credit information from Plaintiff's credit file that is demonstrably accurate, in Defendant's discretion." Id. Because the Agreement did not make plaintiff's approval a pre-requisite to the publication of his credit report, plaintiff has failed to state a breach of contract claim related to the timing of defendant's publication.

The Agreement also does not require defendant to include paid-off accounts in plaintiff's published credit information. The relevant clause states:

> In further consideration for this Agreement, Defendant agrees: (1) to rebuild Plaintiff's consumer credit file to include his current, actively reporting, and accurate items of credit information . . . .

Id.

Plaintiff argues that this language requires defendant to "include all of [plaintiff's] accurate items of credit information on his credit report," regardless of whether they are "current" or "actively reporting." Doc. 26 ¶ 15. In other words, plaintiff asks the court to interpret this language as a list of distinct types of items – current items, actively reporting items, and accurate items – which should each be reported. Id. Defendant argues that the plain language requires only that defendant include accurate items that are also current and actively reporting. Doc. 23 at 8. The parties

appear to agree that the ninety-two paid-off accounts were not actively reporting.

The court agrees with defendant. By requiring the inclusion of "accurate" information regardless of whether it is "current" or "actively reporting," plaintiff's interpretation would require the inclusion of "current" and "actively reporting" information, regardless of its accuracy. Such an interpretation makes little sense, especially given plaintiff's concern for the accuracy of his credit score. Other courts have similarly found that the words "and" and "or" are generally not interchangeable. See, e.g., Ace Cash Exp., Inc. v. Silverman, No. 03-03-00205-CV, 2004 WL 101684, at *3 (Tex. App. Jan. 23, 2004); Wells Fargo Bank, N.A. v. David Orlando Collins, No. CIV.A H:09-2483, 2010 WL 3303663, at *2 (S.D. Tex. Aug. 19, 2010). Because the Agreement only requires defendant to include accurate credit information in the report if it is current and actively reporting, plaintiff failed to state a breach of contract claim related to defendant's exclusion of the ninety-two paid-off accounts.

Because the Agreement does not prohibit defendant from publishing plaintiff's credit information without his approval or excluding inactive accounts, defendant's conduct did not

violate the Agreement. The breach of contract claims should therefore be dismissed.

B. <u>Violation of the FCRA</u>

Plaintiff alleges that defendant violated the FCRA by (i) failing to conduct a good faith, reasonable investigation into plaintiff's disputes, Doc. 18 ¶¶ 44, 57-58 (citing 15 U.S.C. § 1681i(a)(1)(A)), (ii) publishing credit information that was clearly incomplete and inaccurate, Doc. 18 ¶¶ 43, 59 (citing 15 U.S.C. § 1681e(b)), and (iii) failing to provide plaintiff with a written notice of the results of a reinvestigation into the April 8, 2019 dispute, Doc. 18 ¶ 60 (citing 15 U.S.C. § 1681i(6)). Defendant argues that the FCRA claims should be dismissed because plaintiff fails to state a claim because (1) defendant had no duty to report the paid-off accounts, and (2) plaintiff failed to provide specific facts regarding the disputed credit information. Doc. 23 at 9-12. Both arguments fail.

Defendant argues that the FCRA claims should be dismissed because they are premised on the notion that it violated the FCRA by deleting information regarding the paid-off accounts and plaintiff was not required to include such information. <u>Id.</u> at 9-10. The FCRA requires an agency to "follow reasonable procedures to assure maximum possible accuracy of the

9

information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Defendant is correct insofar as courts have found that § 1681e(b) does not require a credit reporting agency to include in its report all available information. Aclys Int'l, LLC v. Equifax, Inc., No. 2:08-CV-00954, 2010 WL 1816248, at *3 (D. Utah May 5, 2010); Swanson v. Central Bank & Trust Co., 2005 WL 1719363, *2 (E.D. Ky. July 14, 2005); Davis v. Equifax Information Services LLC, 346 F. Supp. 2d 1164, 1171-72 (N.D. Ala. 2004). However, the deletion of certain positive information may violate § 1681e(b) if doing so leads to a misleading report. See Wharram v. Credit Servs. Inc., No. 02-CV-4853 (MJD/JGL), 2004 WL 1052970 at *2 (D. Minn. Mar. 12, 2004) ("Deleting the entire tradeline did not assure the maximum possible accuracy of information relating to Wharram because it failed to convey the positive credit history Wharram established with Wells Fargo prior to the instant dispute."); FFDIC Consumer Protection Commentary, § 607(b)(3)(F)(7), https://www.fdic.gov/regulations/laws/rules/6500-2750.html ("However, a consumer reporting agency may not mislead its subscribers as to the completeness of its reports by deleting nonderogatory information and not disclosing its policy of making such deletions."); see also Sepulvado v. CSC Credit Servs., Inc., 158 F.3d 890, 896 (5th Cir. 1998) (noting that

liability on the basis of an incomplete credit report is rare unless that report is misleading). Here, the deletion of ninety-two positive and paid-off accounts might have constituted a failure to "follow reasonable procedures to assure maximum possible accuracy" because it might have caused the report to be so incomplete as to be misleading regarding plaintiff's positive credit history. Consequently, defendant's first argument to dismiss the FCRA claims fails.

Defendant also argues that the FCRA claims should be dismissed for failure to allege that the report contained specific inaccurate information concerning specific accounts. Doc. 23 at 10-12. This argument fails as well. Although plaintiff does not name specific accounts other than "the Conns account," he has previously provided such information to plaintiff, and in his amended complaint, he provides the dates upon which he provided this information. Doc. 18 ¶ 57. His pleading therefore "put[s] the defendant on notice as to what conduct is being called for defense in a court of law," Anderson, 554 F.3d at 528-29, and rises to the standard set by Rule 8 of the Federal Rules of Civil Procedure. The FCRA claims should not be dismissed for failure to state a claim.

C.  Defamation

Plaintiff alleges that defendant defamed him by publishing inaccurate information which ruined his credit reputation, Doc. 18 ¶ 46-48, and led to multiple loan denials, id. ¶¶ 29-37, 40-41, 68-69.  To state a defamation claim against a credit reporting agency, a plaintiff must allege that the defendant published a defamatory statement, WFAA-TV, Inc. v. McLemore, 978 S.W.2d 568, 571 (Tex. 1998), and that the defendant acted with malice or willful intent to injure the plaintiff, 15 U.S.C. § 1681h(e).

The complaint points to three categories of false information allegedly published by defendant:

> (1) incorrect information related to the "Conns account," id. ¶ 25;
>
> (2) the exclusion of information regarding ninety-two past positive and paid off accounts, id. ¶¶ 28-29; and
>
> (3) incorrect information regarding the age of some delinquent accounts, id. ¶ 38, and all positive accounts, id. ¶ 39.

Defendant argues that the defamation claims should be dismissed because the complaint never specifies how defendant's reporting of the Conns account was inaccurate and because it fails to identify any of the excluded positive and paid off accounts or any of the re-aged accounts.  The court agrees that plaintiff's claim concerning the Conns account lacks the

12

required specificity to state a claim and instead states a legal conclusion. Twombly, 550 U.S. at 555 & n.3; Anderson, 554 F.3d at 528-29. However, plaintiff provided adequate facts to put defendant "on notice as to what conduct supports the claims" pertaining to the excluded positive and paid off accounts and the re-aged accounts. Anderson, 554 F.3d at 528. Therefore, the defamation claims should not be dismissed insofar as they pertain to those accounts.

V.

Order

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted in part and denied in part, and that the breach of contract claims and the defamation claim related to the "Conns account" be, and are hereby, dismissed.

SIGNED March 23, 2020.

JOHN McBRYDE
United States District Judge