IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | |
|---|---|
| DAVID HART, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | NO. 4:19-CV-712-A |
| § | |
| EQUIFAX INFORMATION SERVICES, § | |
| LLC, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION AND ORDER

I.

Background

By order signed September 4, 2020, the court gave notice of its intent to consider granting summary judgment <u>sua sponte</u> in favor of defendant, Equifax Information Services, LLC, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Doc.[1] 65. The order gave plaintiff, David Hart, an opportunity to respond to the deemed motion, in particular to address whether genuine disputes exist as to the elements of his claims, to wit:

(I) As to the Fair Credit Reporting Act ("FCRA") claim:

    (a) Whether defendant reported incorrect information related to plaintiff.
    (b) What procedures defendant used to ensure the Accuracy of the reported information.
    (c) Whether plaintiff disputed the completeness or accuracy of an item of information contained in

---

[1] The "Doc. __" reference is to the number of the item on the docket in this civil action.

           his file.
- (d) What steps defendant took to reinvestigate the disputed information.
- (e) Whether defendant gave plaintiff written notice of the results of the reinvestigation.
- (f) Whether plaintiff suffered an injury as a result of the alleged FCRA violations.

(II) As to the defamation claim:

- (a) Whether defendant acted with malice or willful intent to injure plaintiff.
- (b) Whether defendant made a defamatory statement.
- (c) Whether defendant published such statement.
- (d) Whether plaintiff suffered an injury as a result of the alleged defamation.

Id. at 1-2. The order cautioned that plaintiff's response must cite to specific pages of the appendix and otherwise comply with the judge-specific requirements of the undersigned and that failure to comply with the order might result in the imposition of sanctions, including the dismissal of plaintiff's claims without further notice. Id. at 2-3. The response was to be filed by 4:00 p.m. on September 18, 2020, and defendant's reply was to be filed by 4:00 p.m. on September 25, 2020. Id. at 3. Plaintiff failed to file a complete appendix on September 18,[2] filing an additional volume of the appendix and an amended brief on

---

[2] Near 4:00 p.m. on September 18, 2020, one of plaintiff's attorneys called Chambers to say that he was at a copy shop and that it would not be possible to have the undersigned's paper copies of the appendix completed in time to deliver them to the court on that date. He was advised to deliver them the following Monday. No mention was made of any difficulty in filing the response or appendix.

September 21, 2020.[3] The court granted defendant an extension until September 28, 2020, in which to file its reply. Doc. 76.

As defendant points out, plaintiff's response is deficient in a number of respects. Doc. 79 at 1-5. Most importantly, plaintiff has failed to cite to specific evidence to support each element of his claims. See Adams v. Travelers Indemnity Co., 465 F.3d 156, 164 (5th Cir. 2006)(it is not the court's job to sift the record for evidence to support plaintiff's claims). Mostly, he relies on unsubstantiated allegations and conclusory statements, which are not summary judgment evidence. Forsyth v. Barr, 19 F.3d 1527, 1533 (5th Cir. 1994). The appendix is not highlighted as required, Doc. 32 at 6-7; Doc. 652, and references thereto do not appear to support the allegations made. Nevertheless, the court has attempted to discern whether plaintiff has raised genuine fact issues that would entitle him to proceed.

II.

FCRA Claim

To establish a claim under the FCRA, plaintiff must first show that defendant reported inaccurate information about him. McDonald v. Equifax, Inc., No. 3:15-CV-3212-B, 2017 WL 879224,

---

[3] The original brief and appendix were filed after 4:00 p.m. on September 18, 2020. Docs. 69, 70.

at * 6 (N.D. Tex. Mar. 6, 2017). A credit entry may be inaccurate because it is patently incorrect or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. Sepulvado v. CSC Credit Servs., Inc., 159 F.3d 890, 895 (5th Cir. 1998). The FCRA requires only that the information contained in the report be accurate. Knox v. Equifax Info. Servs. Co., No. 3:19-CV-02581-E, 2020 WL 4339016, at *2 (N.D. Tex. July 28, 2020); Swanson v. Central Bank & Tr. Co., No. 5:03-255-JMH, 2005 WL 1719363 (E.D. Ky. July 14, 2005). Omission of a particular obligation from a credit report is not an FCRA violation. Hammer v. Equifax Ifo. Servs., LLC, __ F.3d __, No. 19-10199, 2020 WL 5406367, at *2 (5th Cir. Sept. 9, 2020); Knox, 2020 WL 4339016, at *2.

In his amended complaint, plaintiff alleges that his FCRA claims arise out of defendant's failure to investigate disputes of January 30, April 8, and April 18, 2019. Doc. 18, ¶ 57. He refers to the exclusion of information regarding 92 past positive and paid off accounts. Id. ¶ 28. He also refers to the "re-aging" of multiple delinquent accounts. Id. ¶¶ 38-39. As best the court can tell, pages 9-19 of the response are meant to address the issue of whether defendant reported incorrect

4

information related to plaintiff. Doc. 73.[4] The discussion is so confusing that the court cannot tell what plaintiff is trying to establish. For example, plaintiff starts off with a discussion of a Harley Davidson account and Amcol Systems accounts that are nowhere mentioned in his amended complaint. Doc. 73 at 9-11. Plaintiff refers to, and quotes without attribution, the court's March 23, 2020 memorandum opinion and order granting in part defendant's motion to dismiss, as though that had any relevance. Id. at 14-15 (quoting Doc. 30 at 9-11). He does not point to any evidence that defendant reported incorrect information. He simply relies on conclusory, disjointed arguments made from a seemingly omniscient (but unsupported) viewpoint. To the extent there might be any evidence to support any of his conclusions, albeit unidentified by him, plaintiff cannot at this point raise new claims of liability. Davis v. Wal-Mart Stores, Inc., No.3:05-CV-1805-L, 2007 WL 836860, at *12 (N.D. Tex. Mar. 19, 2007).

Even assuming there was some evidence that defendant reported incorrect information as to plaintiff, and plaintiff has cited to none, plaintiff has not shown that he disputed the completeness or accuracy of any information contained in his

---

[4] The heading at the bottom of page 8 is "Whether defendant reported incorrect information related to plaintiff." Doc. 73 at 8. The heading in the middle of page 19 is "What procedures Equifax used to ensure the accuracy of the reported information." Id. at 19.

file within the meaning of the FCRA. He does not cite to any communication on January 30 or April 18, 2019, as referenced in his amended complaint. He does include a copy of an April 8, 2019 letter, which on its face reflects that it is made pursuant to the settlement agreement between the parties reached in an earlier lawsuit. Doc. 74, Ex. 24. Moreover, the letter lists items omitted from plaintiff's credit report; it does not dispute items contained in his file. See Desautel v. Experian Info. Sol., LLC, No. 19-CV-2386 (PJS/KIB), 2020 WL 2215736, at *5 (D. Minn. May 7, 2020). He has not established a dispute.

Further, plaintiff does not address the steps defendant took to reinvestigate any disputed information to the extent it was required to do so. He has not shown unreasonableness. Hicks v. Trans Union LLC, No. 1:18-CV-1871-TCB-CCB, 2019 WL 4804110, at *8 (N.D. Ga. Aug. 6, 2019), report and recommendation adopted, 2019 WL 4752272 (N.D. Ga. Aug. 20, 2019). Rather, his own evidence shows that defendant spent a lot of time rebuilding plaintiff's credit file in a collaborative process. Doc. 74 at App. X 381. Defendant proceeded cautiously, given that plaintiff had twice sued it before. Id. at App. X 696-97. His conclusory, self-serving arguments do not raise a genuine fact issue as to what a reasonable investigation would have involved.

Finally, even though the court need not reach the issue, plaintiff has not established that he suffered actual damages as a result of defendant's alleged FCRA violations. Rather, his own evidence shows that he was denied credit as a result of his own actions. The denial letters upon which he relies reflect denials of credit based on serious delinquency, number of accounts, proportion of balances to credit limits. See, e.g., Doc. 74 at App. X 190, 192, 194. Because of the overwhelming negative information regarding plaintiff's credit behavior, there is no reason to believe, and plaintiff does not cite any evidence to show, that omission of any positive information would have made any difference. Wagner v. BellSouth Telecommunications, Inc., 520 F. App'x 295, 297 (5th Cir. 2013); Norman v. Experian Info. Sols., Inc., No. 3:12-CV-128-B, 2013 WL 1774625, at *3 (N.D. Tex. Apr. 25, 2013). His self-serving speculation is insufficient to raise a genuine fact issue. Riley v. Equifax Credit Info. Servs., Inc., 194 F. Supp. 2d 1239, 1248 (S.D. Ala. 2002). Likewise, the support for his claim of mental anguish is lacking. Cousin v. Trans Union Corp., 246 F.3d 359, 371 (5th Cir. 2001). In particular, the declarations of plaintiff's grandmother, Doc. 74, App. X 978-79, and therapist, Id. at App. X 980-81, are generic and obviously refer to events that occurred long before the violations alleged in this lawsuit.

III.

Defamation

Plaintiff's defamation claim is preempted unless he can prove malice or willful intent to injure him. Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 638 (5th Cir. 2002). To show malice, plaintiff had to provide evidence that defendant made a statement with knowledge that it was false or with reckless disregard of whether it was false or not. Morris v. Equifax Info. Servs., LLC, 457 F.3d 460, 471 n.19 (5th Cir. 2006). Yet, in response to the court's query whether defendant acted with malice, plaintiff cites only one page of the deposition of defendant's corporate representative, Doc. 74 at App. X 705, that does not appear to have any relevance. Doc. 73 at 30. Plaintiff has not raised a genuine fact issue as to whether his defamation claim is precluded.

IV.

Order

For the reasons discussed herein, the court is granting judgment in favor of defendant.

The court ORDERS that plaintiff take nothing on his claims against defendant and that such claims be, and are hereby,

8

Dismissed with prejudice.

SIGNED September 30, 2020.

_____
JOHN McBRYDE
United States District Judge